IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 2, 2020

## IN RE MADDOX F.

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-AD-17-52      Laurence M. McMillan, Jr., Chancellor**

_____

## No. M2020-00241-COA-R3-PT

_____


This appeal involves the termination of a father's parental rights.  The Trial Court conducted a trial and entered an order finding that the statutory ground of abandonment existed for termination of the father's parental rights and that termination was in the child's best interest.  Because a court reporter was not present, the Trial Court approved a statement of the evidence for purposes of appeal.  We determine that the Trial Court failed to make sufficient findings of fact relevant to the statutory grounds of abandonment by failure to visit the child and failure to provide financial support for the child that were in effect at the time of the 2017 termination petition, as required by Tennessee Code Annotated § 36-1-113(k), and that the statement of the evidence approved by the Trial Court is insufficient for us to review the termination on appeal.  Therefore, we vacate the Trial Court's judgment terminating the father's parental rights.  We remand for the Trial Court to enter an order with sufficient findings of fact and conclusions of law on each of the statutory grounds for the termination of the father's parental rights and the best interest analysis.  If there is a subsequent appeal of that order, the Trial Court shall develop a more detailed statement of the evidence reflecting a complete account of the testimony and evidence presented during trial.  If a detailed statement of the evidence is not possible, the Trial Court shall conduct additional proceedings as necessary to prepare a sufficient record for appeal, including a new trial if necessary.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Christopher F.

Kathryn B. Stamey, Clarksville, Tennessee, for the appellees, Kiesha C. and Eric C.[1]

Julia P. North, Clarksville, Tennessee, Guardian Ad Litem.

## OPINION

## Background

On November 22, 2017, Kiesha C. ("Mother") and Eric C. ("Stepfather") (collectively, "Petitioners") filed a petition in the Montgomery County Chancery Court ("Trial Court"), requesting that the Trial Court terminate the parental rights of Christopher F. ("Father") to the minor child, Maddox F. ("the Child"), and allow Stepfather to adopt the Child. In the petition, Petitioners alleged that Father had not made a request to visit the Child since November 2015, had never filed a petition to establish his parenting time with the Child, and had never paid any monetary support for the Child since the Child's birth. Father filed a *pro se* answer in December 2017 denying the allegations that he had not made a request to visit the minor child since November 2015 and that he never paid any monetary support for the Child. Father admitted in his answer that he had not filed a petition to establish parenting time with the Child. In the answer, Father contested the allegation that termination of his parental rights was in the Child's best interest. As part of his answer, Father stated that he was indigent and requested that the Trial Court appoint counsel to represent him. Upon consideration of Father's affidavit of indigency, the Trial Court found that Father was indigent and appointed an attorney to represent him in the termination proceedings. The parties subsequently engaged in discovery.

The Trial Court conducted a trial in December 2019. The parties did not hire a court reporter for the trial, and the courtroom audio recording system reportedly malfunctioned during trial, leaving no verbatim record of the termination trial. Father was present and was represented by appointed counsel, Adrienne H. Welchance, during the trial. The Trial Court subsequently entered an order terminating Father's parental rights on the statutory ground of abandonment and upon its finding that termination of Father's parental rights was in the Child's best interest. Father timely appealed to this Court.

In March 2020, Father filed in the Trial Court what he titled a "Statement of Evidence" and stated that he was submitting "the following Statement of Evidence in addition to the Findings of Fact included in [the Trial Court's] Memorandum Opinion."

---

[1] The petitioners, Kiesha C. and Eric C., declined to file a responsive appellate brief in this appeal. The petitioners were represented by attorney Kathryn B. Stamey during the trial court proceedings. Ms. Stamey is listed in our records as the attorney for the petitioners, and she has not filed a motion to withdraw with this Court.

The Guardian Ad Litem subsequently filed an objection to Father's statement of the evidence and findings of fact, arguing that Father was "attempting to submit an account of the proceedings, biased in his favor, that has previously been rejected by [the Trial Court]." Petitioners also filed an objection stating that the Trial Court's "Memorandum Opinion issued in this matter states [the Trial Court's] Findings of Fact and Conclusions of Law that should serve as the Record in this matter." The Trial Court, thereafter, entered an order declining to find additional facts in this case and clarifying that it found "no dispute upon which it ha[d] been called to resolve on any Statement of the Evidence filed by [Father]."

Thereafter, Father's attorney filed a motion to withdraw due to her acceptance of other employment with the Montgomery County District Attorney's Office. This matter was temporarily remanded to the Trial Court to appoint counsel for Father. In July 2020, the Trial Court appointed Gregory D. Smith to represent Father on appeal. In its order, the Trial Court ordered that Father's former attorney assist in preparation of the statement of the evidence.

This Court provided additional time for appellant to file either "a transcript of the evidence or, if a transcript is not possible, a new statement of the evidence." Father prepared a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c), which was agreed to by the parties and the Guardian Ad Litem. The agreed statement of the evidence explained that a court reporter was not present during trial and that the audio recording equipment in the courtroom had malfunctioned. Father's current appellate counsel had consulted with Father's prior trial counsel concerning the statement of the evidence. The statement of the evidence reflected that all parties and the Guardian Ad Litem had agreed to submit the Trial Court's memorandum opinion as the statement of the evidence for purposes of appeal. The Trial Court signed and approved this statement of the evidence.

Father subsequently filed his appellate brief with this Court. Subsequently, the Guardian Ad Litem, representing the Child's best interest, filed a responsive brief. Petitioners declined to file an appellate brief in this matter or otherwise respond to Father's issues on appeal. This Court entered an order requiring Petitioners to file a brief within ten days or else show cause why this matter should not be submitted for decision based upon the record, Father's appellate brief, and the Guardian Ad Litem's appellate brief. Petitioners failed to respond to this Court's order. This Court, therefore, ordered that this matter be submitted for decision without a response from Petitioners.

## Discussion

Although not stated exactly as such, Father raises the following issue for our review on appeal: (1) Whether the Trial Court erred in finding by clear and convincing evidence that termination of Father's parental rights was in the Child's best interest.

As our Supreme Court has instructed regarding the standard of review in parental termination cases:

> A parent's right to the care and custody of her child is among the oldest of the judicially recognized fundamental liberty interests protected by the Due Process Clauses of the federal and state constitutions.[2] *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *In re Angela E.*, 303 S.W.3d 240, 250 (Tenn. 2010); *In re Adoption of Female Child*, 896 S.W.2d 546, 547-48 (Tenn. 1995); *Hawk v. Hawk*, 855 S.W.2d 573, 578-79 (Tenn. 1993). But parental rights, although fundamental and constitutionally protected, are not absolute. *In re Angela E.*, 303 S.W.3d at 250. "'[T]he [S]tate as *parens patriae* has a special duty to protect minors . . . .' Tennessee law, thus, upholds the [S]tate's authority as *parens patriae* when interference with parenting is necessary to prevent serious harm to a child." *Hawk*, 855 S.W.2d at 580 (quoting *In re Hamilton*, 657 S.W.2d 425, 429 (Tenn. Ct. App. 1983)); *see also Santosky v. Kramer*, 455 U.S. 745, 747, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *In re Angela E.*, 303 S.W.3d at 250. "When the State initiates a parental rights termination proceeding, it seeks not merely to infringe that fundamental liberty interest, but to end it." *Santosky*, 455 U.S. at 759, 102 S.Ct. 1388. "Few consequences of judicial action are so grave as the severance of natural family ties." *Id.* at 787, 102 S.Ct. 1388; *see also M.L.B. v. S.L.J.*, 519 U.S. 102, 119, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996). The parental rights at stake are "far more precious than any property right." *Santosky*, 455 U.S. at 758-59, 102 S.Ct. 1388. Termination of parental rights has the legal effect of reducing the parent to the role of a complete stranger and of "severing forever all legal rights and obligations of the parent or guardian of the child." Tenn. Code Ann. § 36-1-113(*l*)(1); *see also Santosky*, 455 U.S. at 759, 102 S.Ct. 1388 (recognizing that a decision terminating parental rights is "*final* and irrevocable"). In light of the interests and consequences at stake, parents are constitutionally entitled to "fundamentally fair procedures" in termination proceedings. *Santosky*, 455 U.S. at 754, 102 S.Ct. 1388; *see also Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (discussing the due process right of parents to fundamentally fair procedures).

---

[2] U.S. Const. amend. XIV § 1 ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . . ."). Similarly, article 1, section 8 of the Tennessee Constitution states "[t]hat no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."

Among the constitutionally mandated "fundamentally fair procedures" is a heightened standard of proof – clear and convincing evidence. *Santosky*, 455 U.S. at 769, 102 S.Ct. 1388. This standard minimizes the risk of unnecessary or erroneous governmental interference with fundamental parental rights. *Id.*; *In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010). "Clear and convincing evidence enables the fact-finder to form a firm belief or conviction regarding the truth of the facts, and eliminates any serious or substantial doubt about the correctness of these factual findings." *In re Bernard T.*, 319 S.W.3d at 596 (citations omitted). The clear-and-convincing-evidence standard ensures that the facts are established as highly probable, rather than as simply more probable than not. *In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005); *In re M.A.R.*, 183 S.W.3d 652, 660 (Tenn. Ct. App. 2005).

Tennessee statutes governing parental termination proceedings incorporate this constitutionally mandated standard of proof. Tennessee Code Annotated section 36-1-113(c) provides:

> Termination of parental or guardianship rights must be based upon:
>
> (1) A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and
> (2) That termination of the parent's or guardian's rights is in the best interests of the child.

This statute requires the State to establish by clear and convincing proof that at least one of the enumerated statutory grounds[3] for termination exists and that termination is in the child's best interests. *In re Angela E.*, 303 S.W.3d at 250; *In re F.R.R., III*, 193 S.W.3d 528, 530 (Tenn. 2006); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). "The best interests analysis is separate from and subsequent to the determination that there is clear and convincing evidence of grounds for termination." *In re Angela E.*, 303 S.W.3d at 254. Although several factors relevant to the best interests analysis are statutorily enumerated,[4] the list is illustrative, not exclusive. The parties are free to offer proof of other relevant factors. *In re Audrey S.*, 182 S.W.3d at 878. The trial court must then determine whether the combined weight of the facts

---

[3] Tenn. Code Ann. § 36-1-113(g)(1)-(13).
[4] Tenn. Code Ann. § 36-1-113(i).

"amount[s] to clear and convincing evidence that termination is in the child's best interest." *In re Kaliyah S.*, 455 S.W.3d 533, 555 (Tenn. 2015). These requirements ensure that each parent receives the constitutionally required "individualized determination that a parent is either unfit or will cause substantial harm to his or her child before the fundamental right to the care and custody of the child can be taken away." *In re Swanson*, 2 S.W.3d 180, 188 (Tenn. 1999).

Furthermore, other statutes impose certain requirements upon trial courts hearing termination petitions. A trial court must "ensure that the hearing on the petition takes place within six (6) months of the date that the petition is filed, unless the court determines an extension is in the best interests of the child." Tenn. Code Ann. § 36-1-113(k). A trial court must "enter an order that makes specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing." *Id*. This portion of the statute requires a trial court to make "findings of fact and conclusions of law as to whether clear and convincing evidence establishes the existence of each of the grounds asserted for terminating [parental] rights." *In re Angela E.*, 303 S.W.3d at 255. "Should the trial court conclude that clear and convincing evidence of ground(s) for termination does exist, then the trial court must also make a written finding whether clear and convincing evidence establishes that termination of [parental] rights is in the [child's] best interests." *Id*. If the trial court's best interests analysis "is based on additional factual findings besides the ones made in conjunction with the grounds for termination, the trial court must also include these findings in the written order." *Id*. Appellate courts "may not conduct de novo review of the termination decision in the absence of such findings." *Id*. (citing *Adoption Place, Inc. v. Doe*, 273 S.W.3d 142, 151 & n. 15 (Tenn. Ct. App. 2007)).

### B. Standards of Appellate Review

An appellate court reviews a trial court's findings of fact in termination proceedings using the standard of review in Tenn. R. App. P. 13(d). *In re Bernard T.*, 319 S.W.3d at 596; *In re Angela E.*, 303 S.W.3d at 246. Under Rule 13(d), appellate courts review factual findings de novo on the record and accord these findings a presumption of correctness unless the evidence preponderates otherwise. *In re Bernard T.*, 319 S.W.3d at 596; *In re M.L.P.*, 281 S.W.3d 387, 393 (Tenn. 2009); *In re Adoption of A.M.H.*, 215 S.W.3d 793, 809 (Tenn. 2007). In light of the heightened burden of proof in termination proceedings, however, the reviewing court must make its own determination as to whether the facts, either as found by the trial court or as supported by a preponderance of the evidence, amount to clear and

convincing evidence of the elements necessary to terminate parental rights. *In re Bernard T.*, 319 S.W.3d at 596-97. The trial court's ruling that the evidence sufficiently supports termination of parental rights is a conclusion of law, which appellate courts review de novo with no presumption of correctness. *In re M.L.P.*, 281 S.W.3d at 393 (quoting *In re Adoption of A.M.H.*, 215 S.W.3d at 810). Additionally, all other questions of law in parental termination appeals, as in other appeals, are reviewed de novo with no presumption of correctness. *In re Angela E.*, 303 S.W.3d at 246.

*In re Carrington H.*, 483 S.W.3d 507, 521-24 (Tenn. 2016) (footnotes in original but renumbered).

Clear and convincing evidence supporting any single ground will justify a termination order. *E.g., In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). Our Supreme Court, however, has instructed "that in an appeal from an order terminating parental rights the Court of Appeals must review the trial court's findings as to each ground for termination and as to whether termination is in the child's best interests, regardless of whether the parent challenges these findings on appeal." *In re Carrington H.*, 483 S.W.3d at 525-26 (footnote omitted). Therefore, although Father does not raise an issue for review concerning the statutory grounds utilized for termination of his parental rights, we nonetheless will review the Trial Court's findings concerning statutory grounds for termination of parental rights as directed by our Supreme Court in *In re Carrington H.*, 483 S.W.3d 507 (Tenn. 2016).

As relevant to the statutory grounds for termination, we first address the sufficiency of the Trial Court's order and its compliance with Tennessee Code Annotated § 36-1-113(k). Tennessee Code Annotated § 36-1-113(k) requires that the Trial Court enter an order making specific findings of fact and conclusions of law in termination of parental rights proceedings. In its judgment, the Trial Court initially makes several findings of fact concerning this case. The Trial Court then addressed the grounds for termination of Father's parental rights and stated as follows: "[Father] conceded at trial that the statutory ground of abandonment exists and the court finds by clear and convincing evidence that this ground does exist." The Trial Court then proceeded to address the best interest analysis.

In its findings of fact, the Trial Court found that Father was actively involved in the Child's life for the first two years. In August 2014, Father was the victim of a shooting and was shot while in his vehicle. Mother claimed that the shooting was gang related but that was denied by Father. After the shooting, Mother would not allow Father to have unsupervised visits with the Child or to transport the Child in his vehicle. According to the Trial Court, Mother had limited Father's visitation to "play dates at McDonalds or

Chick-Fil-A." The Trial Court found that tensions increased between Mother and Father and that Father had not visited the Child since November 2015.

Concerning financial support, the Trial Court found that Father had provided some assistance to Mother during her pregnancy, when the Child was an infant, and during the first two years of the Child's life by providing baby supplies, paying at least one of her utility bills when the Child was an infant, and continuing to provide gifts and supplies for the Child during the first two years of his life. In the best interest analysis, the Trial Court found that Father had not paid any form of support for the Child in the three years prior to the filing of the termination petition.

Tennessee Code Annotated § 36-1-113(g)(1) (2017) provides abandonment by the parent as a ground for termination of parental rights. We note that the petition in this action was filed on November 22, 2017. At that time, the statute in effect defining abandonment provided as follows in pertinent part:

> (i) For a period of four (4) consecutive months immediately preceding the filing of a proceeding or pleading to terminate the parental rights of the parent or parents or the guardian or guardians of the child who is the subject of the petition for termination of parental rights or adoption, that the parent or parents or the guardian or guardians either have willfully failed to visit or have willfully failed to support or have willfully failed to make reasonable payments toward the support of the child[.]

Tenn. Code Ann. § 36-1-102(1)(A)(i) (2017). Although our General Assembly subsequently removed the words "willful" and "willfully" from the definition of abandonment in 2018 and instead provided as an affirmative defense that the parent's failure to visit or support was not willful, the amended statute was not in effect at the time of the petition's filing in this matter. *See* Tenn. Pub. Acts, Ch. 875, § 2 (H.B. 1856); *see also* Tenn. Code Ann. § 36-1-102(1)(A)(i) and -102(1)(I) (Supp. 2020). Therefore, the burden was on Petitioners in this matter to prove that any abandonment by Father concerning his failure to visit or support the Child was willful. *See In re Gabriel B.*, No. W2017-02514-COA-R3-PT, 2018 WL 3532078, at *4 n.7 (Tenn. Ct. App. July 23, 2018) (determining that the statutory change of removing the word "willful" in the definition of abandonment shall not be applied retroactively because the change "is substantive rather than procedural or remedial." (citing *In re D.A.H.*, 142 S.W.3d 267, 273 (Tenn. 2004))).

Although the Trial Court made no specific finding concerning the relevant four-month period for purposes of Father's abandonment by failure to visit or support the Child, the Trial Court's findings concerning visitation and financial support encompassed the four-month period prior to the petition's filing. However, the Trial Court failed to make any findings concerning whether Father's failure to visit or financially support the Child

was willful during the relevant four-month time period, as was required by the statute in effect at the time of the petition's filing.

We note that the Trial Court's judgment reflects that Father had conceded that "the statutory ground of abandonment" existed for the termination of his parental rights. The Trial Court's judgment does not further explain whether Father had conceded the abandonment ground concerning failure to visit, failure to support, or both. Although Father conceded that a statutory ground existed to terminate his parental rights, this Court has held that a trial court may not rely solely on a parent's stipulation to either statutory grounds for termination of parental rights or the best interest analysis. *See In re Dakota M.*, No. E2017-01855-COA-R3-PT, 2018 WL 3022682, at \*5 (Tenn. Ct. App. June 18, 2018); *In re Brianna T.*, No. E2017-01130-COA-R3-PT, 2017 WL 6550852, at \*3 (Tenn. Ct. App. Dec. 22, 2017). Specifically, "the party seeking termination of parental rights is not relieved of its statutory burden of proving by clear and convincing evidence both the ground for termination and that termination is in the child's best interest simply because a parent does not oppose the termination." *In re Brianna T.*, 2017 WL 6550852, at \*3. Whether a statutory ground exists for termination of a parent's rights is a question of law. *In re Layton W.*, No. M2020-00197-COA-R3-PT, 2020 WL 5944053, at \*2 (Tenn. Ct. App. Sept. 2, 2020). A party to a lawsuit cannot stipulate to questions of law, including whether a statutory ground for termination of parental rights was proven by clear and convincing evidence. *See In re Layton W.*, 2020 WL 5944053, at \*2 (quoting *Mast Advert. & Pub., Inc. v. Moyers*, 865 S.W.2d 900, 902 (Tenn. 1993)).

As such, the Trial Court was required to conduct a hearing concerning the grounds for the termination of Father's parental rights and make sufficient findings of fact concerning such grounds even though Father had conceded that a statutory ground existed. This requirement for a trial court is consistent with and required by the Supreme Court's direction to the Court of Appeals that we "must review the trial court's findings as to each ground for termination and as to whether termination is in the child's best interests, regardless of whether the parent challenges these findings on appeal." *In re Carrington H.*, 483 S.W. 3d at 525-26. We cannot comply with the Supreme Court's specific direction to review the trial court's findings as to grounds and best interest unless the trial court has made such findings.

This matter is further complicated by the fact that there is no transcript included in the record on appeal. This Court has said that in parental rights termination cases, statements of the evidence may be sufficient only in extremely rare circumstances. *See In re Connor B.*, 603 S.W.3d 773, 785 (Tenn. Ct. App. 2020) (internal citations omitted); *L.D.N. v. R.B.W.*, No. E2005-02057-COA-R3-PT, 2006 WL 369275, at \*5 (Tenn. Ct. App. Feb. 17, 2006).

In this case, the parties agreed to a statement of the evidence that explained why a statement of the evidence was necessary and then copied the text of the Trial Court's memorandum opinion as the statement of the evidence. Statements of the evidence and memorandum opinions and judgments by the trial courts serve two different purposes and are not interchangeable. The statement of the evidence will provide this Court with a complete account of what transpired and of the evidence presented during trial, including testimony and other relevant evidence offered before the trial court. Tennessee Rule of Appellate Procedure 24(c) provides that a statement of the evidence "should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." A judgment, however, requires the trial court to render a ruling on the pending petition and make findings of fact supporting its decision after being presented with all evidence, weighing such evidence, and taking into account the demeanor and credibility of the witnesses.

In termination of parental rights cases, a record reflecting the termination proceedings must be sufficiently complete to permit proper appellate consideration of the parent's issues on appeal. *See In re Connor B.*, 603 S.W.3d 773, 785 (Tenn. Ct. App. 2020) (internal citations omitted); *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 WL 1156628, at *4 (Tenn. Ct. App. Aug. 16, 2000). We note that Father was found to be indigent during the termination proceedings, and an attorney was appointed to represent him. In termination of parental rights cases where the parent is indigent, this Court has held that the trial court must ensure that a sufficiently complete record is created and available on appeal for a parent seeking to appeal the termination of his or her parental rights. *See In re Adoption of J.D.W.*, 2000 WL 1156628, at *4.

This Court in *In re Adoption of J.D.W.* previously held that a record was insufficient to review an appeal when the trial court adopted its findings of fact included in its memorandum opinion as the statement of the evidence. 2000 WL 1156628, at *4. As in this case, no verbatim transcript was included in the record in *In re Adoption of J.D.W. Id.* at 1. Although the trial court made findings of fact in its memorandum opinion, this Court determined that the record was not sufficiently complete to permit appellate review of the parent's issues on appeal. *Id.* at 4.

Returning to the present case, the parties agreed to and the Trial Court approved a statement of the evidence adopting verbatim the Trial Court's memorandum opinion. We recognize that the Trial Court made several findings of facts in its memorandum opinion, but the judgment does not reflect a "complete account of what transpired" during trial. The statement of the evidence adopted by the Trial Court may or may not identify all of the witnesses that testified during trial and does not provide a detailed summary of the testimony offered by each witness. Although it does contain some testimony provided by the witnesses incorporated in its findings of fact, the statement of evidence is not sufficiently complete to allow for appellate review of the termination of Father's parental

rights. The Trial Court's statement that Father conceded the statutory ground of abandonment "and the court finds by clear and convincing evidence that this ground does exist" is insufficient as it is only the Trial Court's ultimate conclusion of law with no supporting findings of fact.

Due to the insufficient findings of fact concerning the grounds for termination, especially as to whether Father's failure to visit or support was willful, and the insufficient record from which we are unable to review Father's appeal as required, we vacate the judgment of the Trial Court terminating Father's parental rights. We remand for the Trial Court to make sufficient findings of fact regarding the statutory grounds for termination of Father's parental rights, specifically including whether any abandonment by Father was willful. If the Trial Court finds that Father abandoned the Child by willfully failing to visit or support him, the Trial Court should then make findings of fact and conclusions of law as to whether termination of Father's parental rights is in the Child's best interest. Because Father was found by the Trial Court to be indigent, should Father appeal the Trial Court's judgment terminating his parental rights, the Trial Court shall ensure that a sufficiently complete record is created and available for Father's appeal. We note, however, that due to the passage of time, a detailed statement of the evidence may not be possible. In such case, the Trial Court may conduct additional proceedings as it deems necessary in order to prepare a sufficient record to allow this Court to review the termination on a subsequent appeal, including a new trial if necessary.

## Conclusion

Based on the foregoing, we vacate the Trial Court's judgment terminating Father's parental rights. This matter is remanded to the Trial Court to make sufficient findings of fact and conclusions of law concerning the termination of Father's parental rights, pursuant to Tennessee Code Annotated § 36-1-113(k). On a subsequent appeal in this matter, the Trial Court must ensure, due to Father's indigent status, that a sufficient record is available for this Court to review the termination of Father's parental rights. Costs on appeal are assessed equally against the appellant, Christopher F., and his surety, if any, and the appellees, Kiesha C. and Eric C.

_____
D. MICHAEL SWINEY, CHIEF JUDGE